FILED
United States Court of Appeals
Tenth Circuit

August 25, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DANIEL BAGWELL,

Plaintiff - Appellant,

v.

SAFEWAY DENVER MILK PLANT,

Defendant - Appellee.

No. 11-1267
(D.C. No. 1:11-CV-00162-WYD-KMT)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before **BRISCOE**, Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

---

In January 2011, Daniel Bagwell filed a *pro se* complaint in the United States

District Court for the District of Colorado against his former employer, Safeway Denver

Milk Plant ("Safeway"). In his complaint, Mr. Bagwell asserted claims for sex

discrimination and retaliation under Title VII of the Civil Rights Act of 1964. Mr.

Bagwell included only two factual assertions in his complaint—that (1) his "hours

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

changed," and (2) he experienced "career-ending performance evaluations." Safeway filed a motion to dismiss, arguing that Mr. Bagwell's complaint did not comply with Rules 8(a)(2)[1] and 12(b)(6)[2] of the Federal Rules of Civil Procedure. Mr. Bagwell did not respond to the motion.

The district court referred Safeway's motion to a magistrate judge, who recommended granting the motion. In support of this recommendation, the magistrate judge stated that Mr. Bagwell "ha[d] failed to allege facts sufficient to maintain a claim for sex discrimination." *Bagwell v. Safeway Denver Milk Plant*, No. 11-cv-00162-WYD-KMT, 2011 WL 2144632, at *4 (D. Colo. May 12, 2011) ("Bagwell I"). She also stated that even when construed liberally, Mr. Bagwell's complaint contained "absolutely no factual allegations to support an inference that [his] termination was in any way because of or due to his gender." *Id.* at *5. Finally, the magistrate judge stated that Mr. Bagwell's complaint was "entirely devoid of sufficient facts to state a claim for retaliation." *Id.*

Mr. Bagwell was required to file any objections to the Recommendation within fourteen days. He received notice that "a party's objections to [a] magistrate judge's . . . recommendation must be both timely and specific" and that failure to satisfy those

---

[1]Rule 8(a)(2) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."

[2]Rule 12(b)(6) requires that a complaint "state a claim upon which relief can be granted."

requirements would result in waiver of *de novo* review by a district or appellate court. *Id.* at 90 (citing *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059-60 (10th Cir. 1996)).

Eight days after receiving the Recommendation, Mr. Bagwell filed a document labeled "Written Objections." In the document, Mr. Bagwell did not object to any of the magistrate judge's specific findings or recommendations. Instead, he requested that his "case be reviewed by the Supreme Court of the United States of America on the grounds that Title VII is unconstitutional and violates [his] civil rights." ROA, Vol. 1, at 92. The district court reviewed Mr. Bagwell's "Written Objections" and issued an order affirming and adopting the magistrate judge's recommendation. *Bagwell v. Safeway Denver Milk Plant*, No. 11-cv-00162-WYD-KMT, 2011 WL 2135357 (D. Colo. May 31, 2011).

In its order, the district court noted that timely written objections to a magistrate judge's recommendation generally necessitate *de novo* review. But the district court concluded that Mr. Bagwell had "waived *de novo* review" because he "did not object to any of the [magistrate judge's] specified proposed findings or recommendations." *Id.* at *2. Additionally, the district court noted that "even under a *de novo* review," it would affirm the magistrate judge's "thorough and well-reasoned" recommendations. *Id.* In the instant appeal, Mr. Bagwell challenges the district court's order dismissing his claims.

As the district court noted in its order, this circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of [a] magistrate [judge]." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Under the firm

-3-

waiver rule, failure to make timely and sufficiently specific objections to a magistrate

judge's "findings or recommendations waives appellate review of both factual and legal

questions." *Id.*; *see also 2121 East 30th Street*, 73 F.3d at 1060 ("[A] party's objections

to the magistrate judge's report and recommendation must be both timely and specific to

preserve an issue for de novo review by the district court or for appellate review.").  The

firm waiver rule does not apply:  "when (1) a *pro se* litigant has not been informed of the

time period for objecting and the consequences of failing to object, or when (2) the

'interests of justice' require review."  *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119

(10th Cir. 2005).

Even when construed liberally, Mr. Bagwell's *pro se* brief to this court does not

address the firm waiver rule or argue that either of its exceptions applies in this case.  *See*

*Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (noting that "we . . .

liberally construe *pro se* pleadings").  Notwithstanding this lack of argument, we have

conducted a thorough review of the record and conclude that neither exception applies

here.  The first exception does not apply because the magistrate judge expressly informed

Mr. Bagwell of the time period for objecting, the need to object with sufficient

specificity, and the consequences of failing to do either.

The interests of justice exception does not apply because Mr. Bagwell does not

challenge any of the magistrate judge's recommendations in his brief to this court and

because our review of the record does not indicate that reversal is necessary or warranted.

"Among the factors this court has considered in determining whether to invoke the

interests-of-justice exception are (1) a *pro se* litigant's efforts to comply, (2) the force and plausibility of the explanation for his failure to comply, and (3) the importance of the issues raised." *Casanova v. Ulibarri,* 595 F.3d 1120, 1123 (10th Cir. 2010) (quotations omitted).  We have previously stated that determining the importance of the issues raised by a litigant is similar to plain error review in that it "expressly includes review of a litigant's unobjected-to substantive claims on the merits."  *Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008) (quotations omitted).  Plain error is "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (quotations omitted).

All of the factors considered in our interests of justice exception weigh against Mr. Bagwell.  First, Mr. Bagwell made no effort in his "Written Objections" to specifically challenge or object to any of the magistrate judge's findings or recommendations.  Second, Mr. Bagwell has offered no explanation for his failure to comply with the requirement that all objections be sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute."  *2121 East 30th Street*, 73 F.3d at 1060.  Finally, after reviewing the record, we see no basis for suspending the firm waiver rule for plain error.

In his Complaint, Mr. Bagwell asserted claims for sex discrimination and retaliation.  The magistrate judge concluded that he had not stated a valid sex discrimination claim because his complaint contained "absolutely no factual allegations to support an inference that [his] termination was in any way because of or due to his

-5-

gender." *Bagwell I*, 2011 WL 2144632, at *5. She also stated that Mr. Bagwell's Complaint was "entirely devoid of sufficient facts to state a claim for retaliation." *Id.* On appeal, Mr. Bagwell does not challenge either of these conclusions, and nothing in our review indicates that the magistrate or district court committed an error warranting reversal. In sum, neither Mr. Bagwell's arguments on appeal, nor any material in the record, convinces us that application of the firm waiver rule in this case would be contrary to the interests of justice.

We therefore hold that Mr. Bagwell waived appellate review by failing to file specific objections to the magistrate judge's recommendation. We **AFFIRM** the judgment of the district court and **DISMISS** this matter.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge